

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WILLIAM JARJOUR,

    Petitioner,

v.

TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:20-cv-16

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Jarjour ("Jarjour"), who is currently incarcerated at D. Ray James Correctional Institution in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Jarjour filed a Response. Docs. 7, 9. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Jarjour's Petition. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Jarjour leave to appeal *in forma pauperis*.

### BACKGROUND

Jarjour was convicted in the Southern District of Florida of possession with intent to distribute methylone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Doc. 7-1 at 2, 3. He was sentenced to 132 months' imprisonment and has a projected release date of October 3, 2022, via good conduct release. Id. at 3, 4

**DISCUSSION**

In his Petition, Jarjour asserts he is a Venezuelan citizen and was convicted of an aggravated felony rendering him deportable. Doc. 1 at 2. Jarjour states he was housed at a Bureau of Prisons' ("BOP") facility which stopped being a part of the institution hearing program ("IHP"), and he was transferred under Program Statement 5100.08 to have his deportation hearing completed. Id. at 2–3. However, Jarjour asserts Respondent has refused to conduct this hearing or have Jarjour transferred to another BOP facility to have this hearing under Program Statement 5111.04. Id. at 3. Jarjour contends he is being held in contravention of BOP Program Statements, the First Step Act of 2018, and 8 U.S.C. § 1228(b). Id. In addition, Jarjour avers being housed at a private facility violates Program Statement 5111.04 and the Eighth Amendment's prohibition against cruel and unusual punishment, as his ability to communicate with his family and friends has been restricted. Id. at 3–4. Jarjour seeks to have a deportation hearing and to be transferred to a BOP facility after the deportation proceeding. Id. at 4.

Respondent maintains Jarjour's Petition is due to be dismissed because his claims are not cognizable in habeas proceedings, this Court does not have jurisdiction to review decisions to begin or adjudicate removal proceedings, and the Attorney General has discretion to house prisoners in private facilities. Doc. 7 at 1. Thus, Respondent asserts the Court should dismiss Jarjour's Petition. Id. at 6.

**I.     Whether Jarjour can Proceed Under § 2241**

Respondent contends Jarjour's request for an order compelling immigration authorities to provide him with a removal hearing is not a claim for habeas relief, because Jarjour does not seek his immediate or speedier release from custody. Id. at 2–3. Respondent also contends

Jarjour's claims that the BOP violated Program Statements do not set forth viable habeas claims. Id. at 3.

Jarjour responds Program Statement 5111.04 was promulgated based on 8 U.S.C. § 1228. Doc. 9 at 2. Additionally, Jarjour asserts the First Step Act of 2018 has abrogated decisions concluding § 1228 does not require the government to begin and complete removal proceedings prior to the end of an alien's sentence in a correctional facility.[1]  Id.

Jarjour's contention his rights have been violated as a result of the failure to conduct an immigration hearing prior to his release from custody is not a cognizable claim under § 2241. Valdez v. Johns, No. 5:19-CV-12, 2019 WL 6338022, at *5 (S.D. Ga. Oct. 31, 2019), *report and recommendation adopted*, 2019 WL 6353670 (S.D. Ga. Nov. 26, 2019) (citing Helbig v. United States, Case No. 4:18cv547, 2019 WL 4061973, at *2 (N.D. Fla. Aug. 7, 2019) (finding allegation of failure to conduct immigration hearing during term of imprisonment did not present any viable due process violation, did not violate § 1228, and did not warrant relief as a violation of BOP Program Statement 5111.04) (citing cases)); Shah v. Johnson, No. 17-CV-1488, 2018 WL 1057100, at *3 (W.D. La. Feb. 26, 2018) (rejecting claims concerning IHP proceedings under § 2241, as such claims must be brought as civil rights actions)).  By its plain language, § 1228 "'does not require the government to institute and conclude removal proceedings prior to the expiration of an alien's sentence in a correctional facility.'" See Helbig, 2019 WL 4061973, at *2 (quoting Quevedo-Roque v. U.S. Fed. Bureau of Prisons, No. 1:12-cv-0072, 2012 WL 3156794, at *2 (E.D. Cal. Aug. 3, 2012) (citing § 1228(a)(3)(B))).  Jarjour also cites IHP

---

[1]   Jarjour cites no authority for this proposition.  Indeed, the Court was unable to find any authority supporting Jarjour's assertion regarding the First Step Act.  In addition, Jarjour mentions in passing he wishes for the Court to review the merits of his claims under the Accardi doctrine.  Doc. 9 at 3 (referencing United States ex rel. Accardi v. Shaughenessy, 347 U.S. 260 (1954)).  As noted herein, this Court lacks jurisdiction to review the merits of Jarjour's claims.

3

Program Statements 5111.04 and 5110.08 in support of his assertions, but there is no indication the BOP did not comply with those provisions. Moreover, even if the BOP did not comply with Program Statements 5111.04 and 5110.08, the BOP's violation of its own program statements is not a basis for habeas relief. Id. at *3.

Therefore, the Court should **GRANT** this portion of Respondent's Motion to Dismiss and **DISMISS** Jarjour's Petition for lack of jurisdiction. Even if this Court had jurisdiction over Jarjour's Petition, his claims would still be subject to dismissal for the reasons discussed in the next Section of this Report.

## II.     Whether Jarjour is Entitled to Transfer

Program Statement 5111.04 provides a means for inmates to be made available to Immigration and Customs Enforcement ("ICE") for deportation proceedings prior to the inmate's sentence expiration. Those inmates who are identified as eligible for the program will be transferred to one of the institutions designated as an IHP site. Those inmates who are not re-designated to a hearing site will be processed by ICE at the expiration of their sentences. Hinojoza v. Fed. Bureau of Prisons, No. 4:13CV2467, 2014 WL 2003035, at *3 (N.D. Ohio May 14, 2014). Prisoners do not maintain a due process interest in the place of their confinement, nor do they have a constitutional right to transfer to a particular facility. McKune v. Lile, 536 U.S. 24, 39 (2002); Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

Congress has mandated the BOP, under the direction of the Attorney General, shall have charge of the management and regulation of all federal penal and correctional institutions. 18 U.S.C. § 4042(a)(1). Congress has delegated to the BOP the authority to designate the institution of confinement. Title 18, United States Code Section 3621(b) provides, in pertinent part:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
> 1) the resources of the facility contemplated;
>
> 2) the nature and circumstances of the offense;
>
> 3) the history and characteristics of the prisoner;
>
> 4) any statement by the court that imposed the sentence—
>
>    A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
>    B) recommending a type of penal or correctional facility as appropriate; and
>
> 5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b). For this reason, "the designation of an institution of confinement is a matter within the discretion of the BOP." United States v. Sosa-Ramirez, No. 2:15-CR-155, 2017 WL 11488725, at *1–2 (D. Vt. Dec. 27, 2017). In addition, the BOP is authorized to house federal prisoners in non-federal, contract facilities. 18 U.S.C. § 4013(a).

To the extent Jarjour argues he has a statutory right to placement in an IHP hearing site, such a claim is without merit. Section 1228(a)(3)(A) provides for the expedited removal of aliens convicted of committing aggravated felonies and provides as follows: "Notwithstanding any other provision of law, the Attorney General shall provide for the initiation and, to the extent

5

possible, the completion of removal proceedings, and any administrative appeals thereof, in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony." The terms of this provision, however, do not confer a right of judicial review or limit the discretion of the BOP and the Attorney General to designate institutions of confinement. Section 1228(a)(3)(A) expressly qualifies the direction to complete removal proceedings prior to release from incarceration by providing the Attorney General is to do so "to the extent possible[.]" Id. Subsection B expressly states, "Nothing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined." 8 U.S.C. § 1228(a)(3)(B). Further, although § 1228(a)(1) directs the proceedings be conducted in a manner which eliminates the need for additional detention at any processing center of the service and assures expeditious removal following the end of the alien's incarceration for the underlying federal sentence, it also provides, in pertinent part, "Nothing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."

      Because the placement of an alien prisoner who has committed an aggravated felony is a matter within the discretion of the BOP, id., § 1228, permitting Jarjour to challenge the BOP's discretionary determination under § 3621 to place him in a private facility which contracts with the BOP would conflict with the clear language of § 3625, which forecloses this Court's

6

jurisdiction to review such discretionary determinations. The Court should **GRANT** this portion of Respondent's Motion and **DISMISS** Jarjour's Petition.[2]

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Jarjour leave to appeal *in forma pauperis*. Though Jarjour has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Jarjour's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Jarjour *in forma pauperis* status on appeal.

---

[2] The Court notes Respondent's assertion Jarjour has not alleged he received a final order regarding his immigration status and that claim is not ripe for review. Doc. 7 at 4. Because Jarjour has made no allegation concerning a final order, the Court declines to address Respondent's argument in this regard.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Jarjour's Petition.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Jarjour leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by

8

or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 10th day of February, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9